Joshua L. Benson, Esq.
Nevada Bar No. 10514
BENSON ALLRED
6250 N. Durango Dr.
Las Vegas, Nevada 89149
Telephone: (702) 820-0000
Facsimile: (702) 820-1111
E-mail: josh@bensonallred.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BONNIE BAKER, individually,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.;<br><br>Defendants. | CASE NO. 2:19-cv-02218-GMN-VCF<br><br>**PROPOSED JOINT PRETRIAL ORDER** |

The Parties, by and through their undersigned counsel, hereby submit this Joint Pretrial Order pursuant to LR 16-3. Following pretrial proceedings in this case, IT IS SO ORDERED:

## I.   NATURE OF THE ACTION

This is an action for personal injuries arising from an alleged slip and fall which occurred on July 29, 2018, at Walmart in Las Vegas, Nevada. Plaintiff Bonnie Baker contends that Wal-Mart breached its duty of care by failing to keep its premises in a reasonably safe condition for use. Wal-Mart disputes this and instead contends that it discharged its duty of care by maintaining the premises in a reasonably safe condition for use.

## II.   STATEMENT OF JURISDICTION

The court has jurisdiction over this civil action pursuant to 28 U.S.C. Section 1441(b) on the basis that this is a civil action between citizens of different states and the amount in controversy being potentially in excess of $75,000, exclusive of interests and costs.

///

///

///

### III. ADMITTED FACTS

The following facts are admitted by the party and require no proof:

1. Bonnie Baker was at a Walmart store on July 29, 2018.

2. Video surveillance footage on July 29, 2018, shows a customer spill a container of blueberries on the floor at 2:35:46 p.m.

3. Walmart Associate, Jason Harvey, responded to the scene with a broom and dustpan at 2:36:07 p.m.

4. At 2:58:12 p.m., Plaintiff falls.

### IV. UNCONTESTED FACTS

The following facts, though not admitted, will not be contested at trial by evidence to the contrary: None.

### V. ISSUES TO BE TRIED

The following are issues of fact to be tried and determined upon trial:

1. All factual issues deemed relevant and admissible at trial.

### VI. ISSUES OF LAW

The following are issues of law to be tried and determined upon trial:

1. Whether Walmart acted negligently.

2. Whether Walmart discharged its duty of care to maintain the premises in a reasonably safe condition for use.

3. Whether Walmart breached its duty of care to keep its premises in a reasonably safe condition for use.

4. Whether Walmart had notice, actual or constructive, of the foreign substance allegedly involved in the incident.

5. If a breach of duty of care is found, whether that breach legally caused an injury to Plaintiff, the extent of any such injury, and the extent of any and all damages.

6. Whether Plaintiff was comparatively negligent and/or contributed to her incident.

. . .

. . .

## VII. **EXHIBITS**

**A.** The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

Plaintiff's Exhibits:

None stipulated at this time.

Defendant's Exhibits:

None Stipulated at this time.

**B.** As to the following additional exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:

**1. Plaintiff's Exhibits:**

| | |
|---|---|
| 1. | Medical Bill and Records from Community Ambulance |
| 2. | Medical Bills and Records from St. Rose Dominican Hospital – Siena |
| 3. | Medical Bill from Fremont Emergency Services |
| 4. | Medical Bill from Radiology Associates of Nevada |
| 5. | Medical Bills and Records from Crovetti Orthopedics & Sports Medicine |
| 6. | Medical Bills and Records from SimonMed Imaging, Inc. |
| 7. | Medical Records from Timothy Soder Physical Therapy |
| 8. | Affidavit of Custodian of Records, Medical Bill and Records from Sky Lakes Medical |
| 9. | Custodian of Declaration and Medical Bills from Sound Physicians |
| 10. | Medical Records and Bills from Riblett Therapy |
| 11. | Billing Records from Valley Anesthesiology Consultants |
| 12. | Medical Bill and Records from Desert Radiology |
| 13. | Medical Record Review report prepared by Randa Bascharon, D.O. |
| 14. | Store Incident Report |
| 15. | Customer Incident Report |
| 16. | Witness Statement of Jason Harvey |
| 17. | Witness Statement of William Baker |
| 18. | Witness Statement of Barbara L. Yager |
| 19. | Witness Statement of Trina Jacobs |
| 20. | Witness Statement of Steven Gonzalez |
| 21. | Photographs pertaining to the Subject Incident |
| 22. | Video Surveillance Footage of Incident Scene |
| 23. | Policies and Procedures regarding Safety, Slips, Trips, and Falls, Inspections and Maintenance in Effect at Store 2593 |
| 24. | Daytime Maintenance Associate Job Description |

| 25. | Overnight Maintenance Associate Job Description |
|---|---|
| 26. | Walmart Store No. 2593 Floor Plan |
| 27. | Claims Run for Walmart Store No. 2593 for Three Years Prior to July 29, 2018 |
| 28. | Imaging Records from St. Rose Hospital Siena Campus |

Defendant objects to the production of all listed medical records and billing on the basis of foundation, authenticity, relevance, and hearsay as Defendant maintains there are causation issues involved in the instant litigation. These medical records include hearsay statements meant to prove the truth of the matter asserted by the Plaintiff. Further, Defendant maintains no foundation has been laid regarding the injuries allegedly sustained as outlined in said medical records and subsequent injuries would not be relevant to the issues of the case at bar. As to authenticity, Plaintiff has not provided authenticated documentation in relation to Plaintiff's medical records and this will require testimony from the medical record creators. Defendant further objects to the production of its proprietary information and maintains the listed policies and procedures and floor plans are irrelevant and require authentication as well as any prior incidents which are irrelevant to the subject incident and reversible error should they be admitted.

Defendant further reserves the right to object to any exhibit being offered by Plaintiff which has not been previously produced during the normal course of discovery proceedings. Defendants also reserves any and all evidentiary objections for trial.

**2.     Defendant's Exhibits:**

| 1. | Store Incident Report dated July 29, 2018 - Bates No. WM2019-022206-0001 to WM2019-022206-0002 |
|---|---|
| 2. | Customer Incident Report dated July 29, 2018 - Bates No. WM2019-022206-0003 |
| 3. | Witness Statement of JASON HARVEY dated July 29, 2018 - Bates No. WM2019-022206-0004 |
| 4. | Witness Statement of WILLIAM BAKER dated July 29, 2018 - Bates No. WM2019-022206-0005 |
| 5. | Witness Statement of BARBARA L. YAGER dated July 29, 2018 - Bates No. WM2019-022206-0006 |
| 6. | Witness Statement of TRINA JACOBS dated July 29, 2018 - Bates No. WM2019-022206-0007 |
| 7. | Witness Statement of STEVEN GONZALEZ dated July 29, 2018 - Bates No. WM2019-022206-0008 |
| 8. | Video Request Form Completed by TRINA JACOBS dated July 29, 2018 - Bates No. WM2019-022206-0009 |
| 9. | Photographs Pertaining to the Subject Incident - Bates No. WM2019-022206-0011 through Bates No. WM2019-022206-0016 |

| | | |
|---|---|---|
| | 10. | Video Surveillance Footage of Incident Scene captured July 29, 2018 - Bates No. WM2019-022206-0017 |
| | 11. | Curriculum Vitae, Rate Sheet, and Trial Testimony List of Roger A. Fontes, M.D. - Bates No. WM2019-022206-1941 through WM2019-022206-1946 |
| | 12. | Initial Expert Report of Roger A. Fontes, M.D. dated June 22, 2020 - Bates No. WM2019-022206-1947 through WM2019-022206-1966 |
| | 13. | Addendum Report of Roger A. Fontes, M.D. dated August 16, 2020 - Bates No. WM2019-022206-1994 through WM2019-022206-2012 |

Plaintiff objects to the production of all listed statements on the basis of foundation, authenticity, relevance, and hearsay. These medical records include hearsay statements meant to prove the truth of the matter asserted by the Plaintiff. As to authenticity, Defendant has not provided authenticated documentation in relation to the statements and this will require testimony from the creator of the statements.

Plaintiff further reserves the right to object to any exhibit being offered by Defendant which has not been previously produced during the normal course of discovery proceedings. Plaintiff also reserves any and all evidentiary objections for trial

The parties reserve the right to use discovery responses, Rule 26(a) Disclosures and Supplements, and any document/items not identified herein for impeachment purposes.

The parties object to the proposed exhibits as follows: The parties reserve the right to utilize any exhibits from the parties' FRCP 26(a)(1) and/or FRCP 26(a)(3) disclosures and supplements thereto; from the parties' responses to written discovery requests and any supplements thereto; and from the parties' FRCP 26(a)(1) and/or FRCP 26(a)(3) disclosures and supplements thereto; and the parties' reserve the right to utilize any and all documents needed for rebuttal or purposes of impeachment not listed herein, including all documentation in accordance with admissible evidence.

**C.** **Electronic evidence:** The parties intend to present the video of the incident in electronic format to jurors for purposes of jury deliberations.

**D.** **Depositions:**

1. The parties do not anticipate offering any depositions at trial unless the witnesses become unavailable at the time of trial. Both Plaintiff and Defendant reserve the right to utilize any depositions offered by either party. In the event a party is notified that a witness is unavailable, the Parties agree to supplement this pretrial order and designate the portions of the deposition to be offered within 30-days of being notified that a party is unavailable for trial.

**E.     Objections to Depositions:**

The parties reserve the right to object to deposition testimony when such sections are identified.

## VIII.   <u>WITNESSES</u>

The following witnesses may be called by the parties at trial:

**1. Plaintiff's witnesses:**

    a.    BONNIE BAKER
            c/o Joshua L. Benson, Esq.
            BENSON ALLRED, PLLC
            6250 N. Durango Drive
            Las Vegas, Nevada 89149

    b.    Person Most Knowledgeable for
            WAL-MART STORES, INC.
            c/o Robert K. Phillips, Esq.
            c/o Timothy D. Kuhls, Esq.
            PHILLIPS, SPALLAS & ANGSTADT, LLC
            504 S. 9th St.
            Las Vegas, Nevada 89101

    c.    William Baker
            3880 Redondo Way
            Klamath Falls, OR 97603
            (541) 281-9891

    d.    Morgan Vidnya, and/or
            Andrew Berkowski and/or
            Morgan Dorabrowski and/or
            Person Most Knowledgeable and/or
            Custodian of Records for
            Community Ambulance
            P.O. Box 30102, Dept. N809
            Salt Lake City, Utah 84130

    e.    Paige Hixson, M.D., and/or
            Michael Sanders, M.D., and/or
            Justin Puopolo, M.D., and/or
            Jason Zeizel, M.D., and/or
            Stephanos Orphanidis, M.D., and/or
            Caleb Pinegar, DO, and/or
            Priya Shaw, M.D., and/or
            Ryan Labuz, DO, and/or
            Brandi Lewis-Polite, M.D., and/or
            Person Most Knowledgeable and/or
            Custodian of Records for
            St. Rose Dominican Hospital – Siena
            3001 St. Rose Pkwy.

| | | |
|---|---|---|
| 1 | | Henderson, Nevada 89052 |
| 2 | f. | Stephanos Orphanidis, M.D., and/or |
| 3 | | Person Most Knowledgeable and/or Custodian of Records for |
| 4 | | Fremont Emergency Services P.O. Box 638972 |
| 5 | | Cincinnati, Ohio 45263 |
| 6 | g. | Michael Sanders, M.D., and/or Justin Puopolo, M.D., and/or |
| 7 | | Person Most Knowledgeable and/or Custodian of Records for |
| 8 | | Radiology Associates of Nevada P.O. Box 30077 |
| 9 | | Salt Lake City, Utah 84130 |
| 10 | h. | Caleb Pinegar, DO, and/or |
| 11 | | Person Most Knowledgeable and/or Custodian of Records for |
| 12 | | Crovetti Orthopedics & Sports Medicine 2779 W. Horizon Ridge Pkwy., #200 |
| 13 | | Henderson, Nevada 89052 |
| 14 | i. | Kevin Taylor, M.D., and/or Person Most Knowledgeable and/or |
| 15 | | Custodian of Records for SimonMed Imaging |
| 16 | | 6301 Mountain Vista St., #103 Henderson, Nevada 89014 |
| 17 | j. | Calvin Wang, PT, MPT, and/or |
| 18 | | Person Most Knowledgeable and/or Custodian of Records for |
| 19 | | Timothy Soder Physical Therapy 2779 W. Horizon Ridge Pkwy., #10 |
| 20 | | Henderson, Nevada 89052 |
| 21 | k. | Caroline Riblett, PT, LMT, and/or Person Most Knowledgeable and/or |
| 22 | | Custodian of Records for Riblett Therapy |
| 23 | | 4790 Onyx Dr. Klamath Falls, Oregon 97603 |
| 24 | l. | Christopher Baumann, M.D., and/or |
| 25 | | Person Most Knowledgeable and/or Custodian of Records for |
| 26 | | Sky Lakes Medical Center 2865 Dagget Ave |
| 27 | | Klamath Falls, Oregon 97601 (541) 882-6311 |
| 28 | m. | Person Most Knowledgeable and/or Custodian of Records for |

|   |   |
|---|---|
|   | Sound Physicians<br>1498 Pacific Avenue, Suite 400<br>Tacoma, Washington 98402<br>(855) 768-6363 |
| n. | Brandi Lewis-Polite, M.D., and/or<br>Person Most Knowledgeable and/or<br>Custodian of Records for<br>Valley Anesthesiology Consultants<br>10120 S. Eastern Ave. 100<br>Henderson, Nevada 89052 |
| o. | Randa Bascharon, D.O.<br>Orthopedic & Sports Medicine Institute of Las Vegas<br>7281 W. Sahara Ave., Suite 110<br>Las Vegas, Nevada 89117 |
| p. | Jimmy Wang, M.D., and/or<br>Person Most Knowledgeable and/or<br>Custodian of Records for<br>Desert Radiology<br>2020 Palomino Lane<br>Las Vegas, Nevada 89106 |

**2. Defendant's witnesses:**

    a. JASON HARVEY
    c/o Phillips, Spallas & Angstadt, LLC
    504 South Ninth Street
    Las Vegas, NV 89101

    b. BARBARA L. YAGER
    c/o Phillips, Spallas & Angstadt, LLC
    504 South Ninth Street
    Las Vegas, NV 89101

    c. TRINA JACOBS
    c/o Phillips, Spallas & Angstadt, LLC
    504 South Ninth Street
    Las Vegas, NV 89101

    d. TRINA JACOBS
    c/o Phillips, Spallas & Angstadt, LLC
    504 South Ninth Street
    Las Vegas, NV 89101

    e. Person Most Knowledgeable – Walmart No. 2593
    c/o Phillips, Spallas & Angstadt, LLC
    504 South Ninth Street
    Las Vegas, NV 89101

    f. ROGER A. FONTES, M.D.
    c/o Phillips, Spallas & Angstadt, LLC

504 South Ninth Street
Las Vegas, NV 89101

g. Any and all treating physicians and medical providers listed by the Plaintiff.

h. Any and all witnesses named by the other parties to this action.

i. Any and all custodians of record and/or persons most knowledgeable for any and all of Plaintiff's past, present, or future treating physicians, medical care providers, or others that treated Plaintiff.

j. Any and all custodians of record and/or persons most knowledgeable of any and all entities from which records may be obtained, including, but not limited to, employers, schools, government agencies, private entities, and/or insurance companies.

k. Any and all witnesses, including rebuttal or impeachment witnesses, offered by the Plaintiff or other parties to this action. Defendant further reserves the right to name and list any witnesses deemed necessary for rebuttal and/or impeachment purposes.

The parties reserve the right to object to any witness identified by either party.

## IX. TRIAL DATE

Counsel have met and herewith submit a list of three (3) agreed-upon trial dates:

1. August 8, 2022

2. August 15, 2022

3. August 22, 2022

It is expressly understood by the undersigned that the court will set the trial of this matter on one (1) of the agreed-upon dates if possible. If not, the trial will be set at the convenience of the court's calendar.

///

///

///

///

///

///

///

///

///

## X. TIME FOR TRIAL

It is estimated that the trial herein will take a total of 5 full judicial days.

**APPROVED AS TO FORM AND CONTENT BY:**

| | |
|---|---|
| Dated this 8th of October, 2021. | Dated this <u>8th</u> of October, 2021. |
| BENSON ALLRED INJURY LAW | PHILLIPS, SPALLAS & ANGSTADT, LLC |
| */s/ Joshua Benson* <br> Joshua L. Benson, Esq. <br> 6250 North Durango Drive <br> Las Vegas, Nevada 89149 <br> *Attorneys for Plaintiff* | */s/ Megan Wessel* <br> Megan E. Wessel, Esq. <br> 504 S. Ninth St. <br> Las Vegas, Nevada 89101 <br> *Attorneys for Defendant* |

## XI. ACTION BY THE COURT

**IT IS HEREBY ORDERED** that this case is set for jury trial on the stacked calendar on August 22, 2022, at 8:30 a.m. in Courtroom 7D. Calendar call shall be held on August 16, 2022 at 9:00 a.m. in Courtroom 7D.

**IT IS FURTHER ORDERED** that the parties shall file trial briefs, exhibit and witness lists, proposed voir dire, and proposed jury instructions no later than August 16, 2022.

This pretrial order has been approved by the parties to this action as evidenced by the signatures of their counsel hereon, and the order is hereby entered and will govern the trial of this case. This order shall not be amended except by order of the court, pursuant to agreement of the parties, or to prevent manifest injustice.

**IT IS SO ORDERED.**

Dated this <u>18</u> day of October, 2021

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT